JOSEPH STARNINO *vs.* GEORGE A. FULLER COMPANY *et al.*

JULY 18, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker, JJ.

92

CAPOTOSTO, J. This is a petition by an employee to review an agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300. The case is before us on the employers' appeal from the entry in the superior court of a decree granting the petition after a hearing thereon. For convenience the employers will hereinafter be referred to in the singular as the respondent.

The questions raised by the respondent require a rather full statement of the evidence. The petitioner testified that he was employed by the respondent as a carpenter "lead man" or "pusher" in war construction for the United States government at Davisville, Rhode Island; that about 10 a. m. on July 2, 1941, he was working in a kneeling position on the platform of an open railroad freight car, pulling out the broken stub of a wooden upright from an iron holder which held the upright in place; that, while he was so employed, he had his back to the loading platform; that a wooden crate, filled with tools of various kinds and weighing over one thousand pounds, got out of control of the men who were

loading it onto the car, and, sliding across the platform of the car, a corner of the crate struck him in the region of the right lower back; and that, after resting for some minutes, he was assisted to the first aid station, which was set up and maintained by the respondent, where he reported the accident and received some medical treatment.

Petitioner further testified that although he returned to his job following such treatment, he did no physical work but merely exercised supervision over the carpenters under him until about 2 p. m. of that same day, when, as he was picking up a piece of wood to hand to one of the men, he "went down" with pain in his lower right back; and that he was then again given medical treatment at the first aid station, this time by respondent's resident physician, who strapped his back.

The testimony for the respondent in substance is that it had no report of an accident to the petitioner on July 2, 1941, and no report from him at any time of being struck by a crate while working on a railroad freight car. It introduced in evidence a card from the files of the first aid station, which card sets the date of petitioner's injury as July 6, 1941, at 10:35 a. m. The nature of the accident and the extent of employee's injury are thereon described as follows: "Has been lifting planks, complains of pain m. of Rt back. ... Muscular strain, m. of Rt. back." It is undisputed that the "m." stands for the word "middle".

The respondent also introduced in evidence an unsigned statement by the petitioner to an adjuster of respondent's insurer. This statement, which is dated August 4, 1941, states that the accident happened "about 1 month ago on a Tuesday morning", when the petitioner was hit in the back by "something" as he was "pulling poles out of slots" on a railroad freight car, which was then being loaded. Respondent states that the date indicated in the quoted language was July 1, 1941.

The petitioner continued in respondent's employ at lighter work from the date of the accident, whatever it was, to May

16, 1942, when he was discharged because he was unable to bend or twist his back in the performance of the work to which he was assigned. On November 10, 1941, while employed as just above stated, the petitioner signed an agreement for compensation under the act, which agreement was prepared for him either by the respondent or its insurer. The date of the accident is there given as "7-1-41" and the cause of the injury as "Lifting planks and complains of pain in middle of right back". Compensation at the rate of $20 per week was to be paid to the petitioner "commencing 7-29-1941 for duration of total incapacity", or until otherwise terminated in accordance with the provisions of the act.

On that *same* day the petitioner signed what is termed a "Compensation Agreement and Settlement Receipt", hereinafter called the settlement receipt, which was also prepared by the respondent or its insurer on a form from the office of the director of labor. Immediately below the quoted heading is the following in bold type: "Read carefully before signing. Signing this agreement means that compensation payments stop. However, this agreement may be reviewed in accordance with Article III, section 13 of the workmen's compensation act." In this settlement receipt, the petitioner acknowledges payment of $300 "in settlement and satisfaction of all claims *to date* for compensation", and he further states that he is "able to work on 11th day of November 1941 at a wage of $84.30 per week." (italics ours) The agreement for compensation and the settlement receipt were both filed with and approved by the director of labor on November 24, 1941.

The petitioner testified that, before he signed the settlement receipt, the respondent promised him light work which would not require the use of his back, and it further promised to pay for his medical treatment until he recovered. The respondent denied any promise of continued employment, although, as a matter of fact, it did employ him in various capacities until May 16, 1942; but it admitted

agreeing to pay all medical expenses up to the statutory limit.

The evidence clearly shows that from the day of the accident, be it July 1, 2 or 6, 1941, the petitioner was for a long time under constant medical care of doctors in the direct employ of the respondent, or of doctors who examined him at respondent's request or with its knowledge and consent, or of doctors who acted as impartial medical experts under appointment by the director of labor. It is also clear that all the doctors examined or treated the petitioner *only* for an injury to the right lower back, and that all medical charges were paid by the respondent.

At the hearing in the superior court all medical reports and letters to the director of labor, to respondent's insurer, and to petitioner's counsel, were admitted in evidence by agreement of the parties. The medical evidence consisted of the opinions of at least ten competent doctors. Allowing for whatever conflict appears from their testimony or reports, the great weight of their combined opinions is that the petitioner sustained an injury to his lower right back; that he developed a certain amount of neurosis which was attributable to his injury and its permanency, and that he was at the time of their respective examinations totally incapacitated from all but light work which did not require much use of his back.

The findings of fact by the trial justice on the conflicting evidence in the case are incorporated in the decree from which the respondent appealed to this court. He found: (1) That the petitioner was injured by accident at Davisville on July 6, 1941, when he was struck by a crate in the right lower back while working in a kneeling position; (2) that on the same day he was given first aid by the employer and, on August 4, 1941, he gave a statement to respondent's insurer as to how the accident happened; (3) that, on November 10, 1941, when he signed the settlement receipt, he had not fully recovered from such injury and that thereafter he received treatment for said injury by the respondent's doc-

tors and at the instance of the respondent; (4) that neither party to the settlement receipt understood that the incapacity from said injury had then ceased; and (5) that, on May 25, 1945, which is the date of the decree, he was incapacitated from doing any heavy work and should not do any lifting or bending for any length of time.

Based upon these findings of fact, the trial justice ordered the respondent "to pay to the petitioner total disability compensation at the rate of Twenty (20) Dollars per week from the 29th day of July 1941 until further Order of Court, with the exception of the periods from October 6th, 1941, to October 28th, 1941, and April 20th, 1942, to May 16th, 1942, when the petitioner was employed at light work by the respondent." He further ordered that the respondent be credited with the payment of $300 theretofore made to the petitioner in accordance with the settlement receipt of November 10, 1941.

Respondent first contends that the superior court was without jurisdiction to entertain "these proceedings for an alleged injury of which no notice or knowledge was brought to the employer within thirty days from the alleged occurrence thereof." Under this contention it argues that the crate accident, which, according to the petitioner's testimony, occurred on July 2, 1941, is a "figment of the imagination" on his part; and, further, that if such an accident did occur on that day, the first knowledge of that accident came to the respondent on August 4, 1941, when the petitioner gave a statement to respondent's insurer, which notice was not in accordance with the act, as such notice was more than thirty days after the occurrence of the alleged accident. We find no merit in this contention.

There is nothing in the record before us that the petitioner is a malingerer. While some of the doctors say that he is affected with a certain degree of neurosis, yet almost all of them attribute that condition, either expressly or by clear implication, to the long and unsatisfactory progress of his injury. Such evidence does not in fairness warrant the con-

clusion that his sworn testimony is unworthy of all credence, or that the crate accident is the creature of a fantastic imagination. The trial justice, who had the opportunity of observing the petitioner, entertained no such view.

The evidence is obviously conflicting as to the date of the accident which injured the petitioner in the lower right back, the only injury about which he ever complained to the respondent. We recall that although the petitioner testified that the accident happened on July 2, 1941, he apparently was not certain of that date because, in his statement to respondent's insurer of August 4, 1941, he fixed the date of injury from the crate accident at "about 1 month ago on a Tuesday morning." As already stated, the respondent identifies that date in its brief as July 1. When we look at the agreement for compensation between the parties, which respondent or its insurer prepared for the petitioner on November 10, 1941, we find that the date of the accident there given is July 1, 1941. There was also legal evidence, as shown by the card from respondent's first aid station, that the accident happened on July 6, 1941. The trial justice found that the accident actually happened on July 6, 1941. Since such finding was based on legal evidence, his decision on this point is binding on us under the act.

There is also conflict in the evidence as to the cause of the accident. The petitioner testified that he was injured when a crate struck him in his lower right back, while the notation on respondent's card for its first aid station states that he was injured "Lifting planks and complains of pain in middle of right back". That notation was made by an agent of the respondent who did not testify in the superior court, as he was then serving in the armed forces. In our judgment this difference is of no controlling force in the circumstances of this case.

Throughout the long period following an accident to the petitioner, the respondent centered its attention on the degree of incapacity resulting to him from an accidental injury to his right lower back. This was the *only* injury

claimed by him as the result of an accident and the *only* accidental injury that concerned the respondent in dealing with him, through its medical advisers and experts, for a long period of time. In these circumstances it was the duty of the trial justice to determine whether the petitioner was injured in his right lower back by a crate that struck him in that region, as he had testified, or whether that injury was the result of lifting planks, as indicated by the notation on respondent's card. He decided to accept the testimony of the petitioner and made his finding in accordance therewith. This finding of fact, which is also based on competent evidence, is conclusive on us.

Respondent next contends that the superior court was without jurisdiction because, first, the workmen's compensation act provides for review only of an agreement fixing compensation and not for one *terminating* compensation, and, secondly, an employee cannot file a petition for review on the ground that his incapacity has decreased, which was the ground alleged in the petition in this case. Its argument on this point is as follows: The petition "purports to be a petition to review an agreement approved by the Director of Labor. The agreement to which the petition of necessity refers is the agreement of November 10, 1941, which *terminates* compensation (Resp. Ex. 13), whereas the only type of agreement which can be reviewed according to the provisions of the Act is an agreement *fixing* compensation. W. C. Act, Art. III, Sec. 13. The petition could not by any reasonable possibility refer to the other agreement of November 10, 1941, (Resp. Ex. 12) which did fix compensation but fixed it at the maximum figure for total incapacity. It is to be further noted that said Sec. 13 provides only one relevant ground for review of an agreement upon application of the employee,—namely, that his incapacity has subsequently increased." We find this contention and argument unsound.

We will first consider respondent's claim that an employee cannot bring a petition for review on the ground that his

incapacity has decreased. In so far as pertinent, §13 provides that at any time after the date of the approval of an agreement for compensation and before the expiration of a certain time, any such agreement may be from time to time reviewed by the director of labor "upon application of *either* party" upon the ground that the incapacity of the injured employee has subsequently *"ended, increased, or diminished."* (italics ours) This language obviously does not bar an injured employee from bringing a petition for review on any one of the three specified grounds. We grant that it is unusual for an employee to petition for review on the ground that his incapacity has diminished, but, unusual as it may be, the act clearly gives him that right.

The situation in the instant case is probably of rare occurrence. Following the execution of the agreement for compensation and the settlement receipt, the petitioner found himself unable to do his ordinary work; shunted about by the respondent for some time from one job to another; under constant medical care and observation at the instance or with the knowledge of the respondent; and finally without employment and without compensation for whatever incapacity he was then under as the result of the accident. In these circumstances the petitioner, apparently in order to compel the respondent to take action of some kind and perhaps believing that he was able to do light work which did not require constant strain on his lower back, brought this petition on the ground that his incapacity had diminished, so that he might have his incapacity, whatever it was, determined according to law. There is no legal reason for depriving him of this right.

Respondent's other claim in the contention under consideration is that the settlement receipt of November 10, 1941, *terminated* compensation and is therefore not subject to a petition for review. We can arrive at no such conclusion on the record before us. The settlement receipt, upon which the respondent so strongly relies in support of this claim, warned the petitioner in bold type that if he signed such receipt

"compensation payments stop", but it also told him, in the same conspicuous manner, that the provisions thereof might be reviewed in accordance with Article III, §13, of the workmen's compensation act. Furthermore, while the settlement receipt stated that the petitioner was "able to work", there is no statement therein that he was able to work at his *usual* employment and that his *incapacity has terminated*. See *Vincent* v. *John Bowen Company*, 69 R. I. 241.

We disagree with the respondent that the settlement receipt terminated compensation. In our opinion that receipt merely provided for the payment to date in a lump sum of compensation at a fixed rate, and it suspended all future payments of compensation under the agreement for compensation between the parties, so long as the petitioner was able to work at wages in excess of the compensation stipulated in that agreement. The fact that the settlement receipt expressly and conspicuously provided for a review of the provisions thereof in accordance with the act clearly shows that such receipt was not in the nature of a final decree terminating compensation on the ground that the petitioner's incapacity had ended.

In our judgment, the real purpose of the settlement receipt was to furnish both the petitioner and the respondent a fair opportunity to ascertain whether the former's incapacity remained the same, or had decreased, or had entirely terminated. We find no warrant, either in the act or under any decision of this court, to hold that such receipt terminated compensation for all future time within the provisions of the act. For the reasons stated, we are of the opinion that the petitioner had the right to bring a petition for review in the circumstances of record and that therefore the superior court had jurisdiction of the case.

Respondent's final contention is that there is no legal evidence to support its liability on the findings of fact of the trial justice. This contention is predicated upon the assumption that there were two different accidents, one on July 2 and the other on July 6 as hereinbefore set forth, the former

of which was never reported to the respondent within the time prescribed by the act. What we have already said on this point shows that, in the circumstances disclosed by competent evidence in the record before us, this contention is without merit.

Respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edward F. McElroy, Philip V. Marcus,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, John W. Baker,* for respondents.